04 9138550010 1028

| | |
|---|---|
| RECEIPT NUMBER | 0.00 |
| TRACKING NUMBER | 73376185  CIV |

**CAUSE NUMBER**   201734090

PLAINTIFF: CONTEH, ABDUL
vs.
DEFENDANT: GEICO ADVANTAGE INSURANCE CO

In The  151st
**Judicial District Court of
Harris County, Texas**

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

Came To Hand:  _/_/_

TO: GEICO ADVANTAGE INSURANCE CO (FOREIGN CORPORATION) BY SERVING ITS   Delivered:  _/_/_
ATTORNEY AND AGENT FOR SERVICE DAN BEACON
   2280  NORTH GREENVILLE AVENUE   RICHARDSON  TX  75082    By: _____

Attached is a copy of  PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on the ____22nd____ day of ____May____
above cited cause number and court. The instrument attached describes the claim against you. _____, 20 _17_ , in the

   **YOU HAVE BEEN SUED**; you may employ an attorney. If you or your attorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

   **This Citation was issued under my hand** and seal of said Court, at Houston, Texas, this ___23rd___ day of
____May_____ , 20 _17_ .

Issued at request of:
PRATHER, KELLY GREENWOOD
2009 N. DURHAM DR.
HOUSTON, TX  77008
TEL: (713) 333-3200
Bar Number: 796670

*Chris Daniel*
**CHRIS DANIEL, District Clerk**
Harris County, Texas
**201 Caroline, Houston, Texas 77002**
**P.O.Box 4651, Houston, Texas 77210**

Generated by: ADESIYAN, JELILAT  RQ6//10688630

**OFFICER/AUTHORIZED PERSON RETURN**

I received this citation on the _____ day of _____ , 20____ , at _____ o'clock ___.M., endorsed
the date of delivery thereon, and executed it at _____(STREET ADDRESS)_____
in _____ County, Texas on the _____ day of _____ , 20____, at _____ o'clock ___.M.,
by delivering to _____(TRUE DEFENDANT CORPORATION NAMED IN CITATION)_____ , by delivering to its
_____(REGISTERED AGENT, PRESIDENT, or VICE-PRESIDENT)_____ , in person, whose name is _____ ,
a true copy of this citation, with a copy of the _____(DESCRIPTION OF PETITION, E.G., "PLAINTIFFS ORIGINAL")_____ Petition attached,
and with accompanying copies of _____(ADDITIONAL DOCUMENTS, IF ANY, DELIVERED WITH THE PETITION)_____

I certify that the facts stated in this return are true by my signature below on the _____ day of _____ , 20___ .

FEE: $_____

By: _____
(SIGNATURE OF OFFICER)

Printed Name: _____

_____
Affiant Other Than Officer

As Deputy for: _____
(PRINTED NAME & TITLE OF SHERIFF OR CONSTABLE)

On this day, _____ , known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____ , 20_____

_____
Notary Public

N.INT.CITC.P

*73376185*

**EXHIBIT
B**

## 2017-34090 / Court: 151

5/21/2017 1:02:09 PM
Chris Daniel - District Clerk Harris County
Envelope No. 17155059
By: Jelilat Adesiyan
Filed: 5/22/2017 12:00:00 AM

CAUSE NO. _____

| | | |
|---|---|---|
| **ABDUL CONTEH** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **V.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **GEICO ADVANTAGE** | § | |
| **INSURANCE CO.** | § | **_____ JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION

Plaintiff, Abdul Conteh, brings suit against Defendant, Geico Advantage Insurance Co.

### Nature of Case

1. Plaintiff, Abdul Conteh, was injured by the negligent acts and omissions of an underinsured driver on May 21, 2015 in Harris County, Texas.  Mr. Conteh sought benefit payable under the personal injury protection and uninsured motorist coverage insurance agreement issued on the 2007 Hyundai Elantra VIN KMHDU46D27Uo40442 in effect on May 21, 2015.  The defendant made an offer far below the amount of the medical bills paid for the treatment of Mr. Conteh's injuries and made no offer of compensation for pain, suffering, anguish and impairment.

### Discovery Control Plan

2. This case should be assigned to Level 1 discovery control plan.

### Parties

3. Plaintiff, Abdul Conteh, is a resident of Prince William County, Virginia.

4. Defendant, Geico Advantage Insurance Co., is a foreign corporation conducting business in Harris County, Texas.  It may be served with citation by serving its attorney

and agent for service: Dan Beacom, 2280 North Greenville Avenue, Richardson, Texas 75082.

## Venue and Jurisdiction

5. The motor vehicle collision occurred in Harris County, Texas therefore venue is proper in Harris County, Texas. The Court has jurisdiction over the defendant because it conducts business in Texas. The Court has subject-matter jurisdiction because the amount on controversy exceeds the minimal jurisdictional limits of the Court.

## Texas Rule of Civil Procedure 28

6. Plaintiff moves for the defendant to plead its correct name if it has been sued in an incorrect name.

## Conditions Precedent

7. Plaintiff provided written notice of its claim on June 3, 2016 and May 22, 2017.

## The Car Crash

8. On May 21, 2015, Mr. Conteh, was at a complete stop at the intersection of Prairie Boulevard Lane at Aldine Westfield Road. Mr. Conteh was stopped on Prairie Bird Lane facing west. Mr. Conteh and his fiancé, Rainu Gabisi, were returning from an engagement photo session and traveling towards Ms. Gabisi's home. Mr. Conteh was driving the vehicle with the permission of the owner of the vehicle - his finance's father.

9. Kimberly Cabrera, an uninsured high school student, was traveling north on Aldine Westfield Road when she failed to remain in her lane, ran off the road, and violently struck the driver side of Mr. Conteh's vehicle. The impact was so strong that the

vehicle was pushed into a third vehicle involved in the collision. The impact damaged the vehicle to the point of rendering the vehicle a total loss.

10. Mr. Conteh recalls holding the steering wheel firmly, attempting to maintain control of his vehicle, however, the impact was so strong that colliding with the third vehicle could not be prevented. Mr. Conteh felt immediate pain in his right wrist. Although he was restrained with his seatbelt, he was jerked in his seat repeatedly after colliding with both vehicles causing injuries to his neck and back. His head was slammed on the window and back on his seat. He suffered from extreme headaches for days after the accident.

11. The investigating officer at the scene of the collision determined that Mr. Conteh was injured. He called an ambulance, Cy-Creek EMS, to transport Mr. Conteh to an emergency room. The paramedics transported Mr. Conteh to Memorial Hermann - Texas Medical Center emergency room, one of only two Level I trauma centers in this region of Texas. There were numerous other emergency rooms much closer but due to the severity of the impact, the paramedics determined that Mr. Conteh should be taken 30 miles to a top tier emergency room.

12. Mr. Conteh was treated and released at Memorial Hermann - TMC emergency room. He was advised to follow-up with his primary care physician. Mr. Conteh attempted to recover from his injuries with conservative over-the-counter medications but after several weeks he was still suffering pain and impairment. Mr. Conteh consulted with his primary care physician who prescribed physical therapy. Mr. Conteh completed three physical therapy sessions.

## Mr. Conteh's Economic Damages

| Date of Service | Healthcare Provider | Description of Damages | Dollar Amount |
|---|---|---|---|
| May 21, 2015 | Cy-Creek EMS | The paramedics noted that Mr. Conteh complained of neck pain and pain to the nose from the collision. He also had an irregular heart beat from the trauma. Mr. Conteh had an adverse reaction to the neck restraints due to closterphobia. | $1546.80 |
| May 21, 2015 | Memorial Hermann Hospital - Texas Medical Center | The emergency room physicians diagnosed Mr. Conteh with neck pain caused by the motor vehicle collision. He was prescribed cyclobenzaprine and iboprfen for the neck pain. The physician ordered him to follow-up with his primary care physician. | $1078.15 |
| May 21, 2015 | UT Physicians | Emergency Room Doctors | $226.00 |
| June 16, 2015 | Kaiser Permanente | Primary care physician for whiplash and right wrist sprain caused by car crash on May 21, 2015. The doctor prescribed 800mg Motrin, ice packs and physical therapy. | $396.00 |
| June 16, 2015 | Kaiser Permanente | Physical therapy initial evaluation and physical therapy for whiplash and right wrist sprain. | $558.00 |
| June 24, 2015 | Kaiser Permanente | Physical therapy for whiplash and right wrist sprain. | $508.00 |
| June 30, 2015 | Kaiser Permanente | Physical therapy for whiplash and right wrist sprain. | $310.00 |
| May 23, 2015 | Lost Wages from Employer, Kaiser Permanente | Employed as a medical technologist in the lab at Kaiser Permanente. He missed Saturday May 23, 2015 from work due to injuries from the collision. He earns a base rate of $33 an hour which increases to $46.20 an hour for working a weekend night shift. | $369.60 |
| | | | $4,992.55 |

## Mr. Conteh's Pain, Suffering, Mental Anguish and Impairment

13. Mr. Conteh continues to periodically have pain in his shoulder and back. For weeks following the accident, Mr. Conteh was limited in the use of his arm because his shoulder was very delicate. He had a hard time pushing himself out of bed because he could not put pressure on his arm nor his shoulder. He could only sleep on one side or on his back. Rolling over in his sleep would irritate his shoulder pain. To date, he is unable to put pressure on his arm and he cannot lift heavy material. He is unable to lift anything heavy and the change of weather increases his body aches. He must take

ibuprofen often.  The collision caused Mr. Conteh weeks of stress, anxiety and

depression.  On some nights, his anxiety did not allow him to sleep.

### Settlement Packet Submitted to Geico with Evidence of Medical Care, Medical Expenses, Pain, Suffering, Mental Anguish, and Impairment

14. On June 3, 2016, Mr. Conteh submitted a settlement packet to Geico for

compensation for the injuries he sustained due to the negligence of an uninsured

motorist.  Specifically, Mr. Conteh provided the following evidence to support his

claim for compensation in accordance with Texas Insurance Code § 542.055(b):

- Crash Report - Established liability, status of uninsured motorist, nature of impact due to extent of property damage, injury noted by investigating officer at the scene of the crash, and necessity of ambulance transportation to Level I trauma center 30 miles from scene of collision;

- Cy-Creek EMS Records - Established neck injury and report of irregular heart beat;

- Memorial Hermann Records and Bills - Established medical care services rendered to Mr. Conteh following a serious, side-impact car wreck;  Mr. Conteh diagnosed with neck pain.  He was advised to follow-up with his primary care physician.  The medical bills were in the amount of $1078.15;

- UT Physicians bills - Care provided by the emergency room doctor in the amount of $226.00;

- Kaiser Permanents Records - The records establish that after a month of conservative treatment with over-the-counter medication that Mr. Conteh continued to suffer neck and right hand pain and impairment caused by the car crash.  Mr. Conteh saw his primary care physician who prescribed physical therapy.  Mr. Conteh attended 3 physical therapy visits.  The medical bills were $396.00 for the primary care physician consultation and $1376.00 for 3 physical therapy visits plus an initial evaluation; and

- Extensive description of how Mr. Conteh suffered pain and impairment in his neck and right hand from the time of the collision, and aggravation of a previous shoulder surgery site.  This is evidence of Mr. Conteh's entitlement to compensation for pain, suffering, mental anguish and impairment.

15. In response to the evidence supporting Mr. Conteh's right to recover medical bills in the amount of $3076.15, pain and suffering, mental anguish, and physical impairment, Geico offered $665.05 in compensation to Mr. Conteh. Geico also wrongfully and incorrectly misrepresented the facts and law to its insured by claiming that Geico was obligated to pay medical bill liens in the amount of $2500.00. This was a misrepresentation of fact, the policy, and the law.

16. First, Mr. Conteh and his health insurance company paid the medical bills in full as evidenced from the medical bills submitted in the settlement packet. Second, there were no, and still are no, Texas Property Code liens, Medicare liens or Medicaid liens. At the time Geico claimed that it would unilaterally used Mr. Conteh's $2500 in personal injury protection coverage to pay alleged liens, there was zero evidence for the basis of a lien because the bills clearly identified that Mr. Conteh and his private health insurance company paid the bills. Third, Mr. Conteh's health insurance company has never asserted a contractual lien for subrogation. Fourth, there is no evidence to date that Geico ever made payment, as expressly represented in its letter of June 13, 2016, to any medical provider. Thus, Geico has wrongfully retained the $2500 benefits owed to Mr. Conteh. Geico had no legal basis to withhold $2500 for payment of medical bills unless there was a valid Texas Property Code, Medicare, Medicaid lien or a valid assignment of benefits, none of which existed in this case.

17. Geico's actions towards its insured shall be evaluated as a $665.05 offer in light of $3076.15 for medical bills and evidence of pain, suffering, mental anguish and impairment. Geico demanded a release of claims in exchange for making a payment

of $665.05 to its insured.  Finally, Geico never provided a written explanation for its

failure to reimburse and compensate Mr. Contch for the emergency room bill,

emergency room physicians, primary care physician consultation, all of the physical

therapy sessions, pain, suffering, mental anguish and impairment.

18. Recently on May 2, 2017, Geico *sua sponte* mailed a check made payable to Mr.

Conteh for $836.56.  The explanation included with the payment stated that Geico was

paying a reduced rate for 3 physical therapy visits.  Geico did not include payment for

the hospital, emergency room physician, primary care physician consultation, pain,

suffering, mental anguish, or impairment.

**Violation of Prompt Payment of Claim Statute**

19. Texas Insurance Code § 542.058(a) provides that "if an insurer, after receiving all

items, statements, and forms reasonably requested and required under Section 542.055,

delays payment of the claim for a period exceeding the period specified by other

applicable statutes or, if other statutes do not specify a period, for more than 60 days,

the insurer shall pay damages and other items as provided by Section 542.060."

20. Texas Insurance Code § 542.057(a) provides that, "if an insurer notifies a claimant

under Section 542.056 that the insurer will pay a claim or part of a claim, the insurer

shall pay the claim not later than the fifth business day after the date notice is made."

21. Texas Insurance Code § 542.056(c) provides that, "if an insurer rejects the claim, the

notice required by Subsection (a) or (b) must state the reasons for the rejection."

22. Texas Insurance Code § 542.060 sets forth the following: (a) If an insurer that is liable

for a claim under an insurance policy is not in compliance with this subchapter, the

insurer is liable to pay the holder of the policy or the beneficiary making the claim
under the policy, in addition to the amount of the claim, interest on the amount of the
claim at the rate of 18 percent a year as damages, together with reasonable attorney's
fees; and (b)If a suit is filed, the attorney's fees shall be taxed as part of the costs in the
case.

23. Texas Insurance Code § 542.061 states that, "[T]he remedies provided by this
subchapter are in addition to any other remedy or procedure provided by law or at
common law.

| | Damages Model for Violation of Prompt Payment Statute | |
|---|---|---|
| Jul 3, 2016 | 30 Days Following the Submission of Evidence Supporting Emergency Room bill, ER Physicians bill, PCP bill, 3 Therapy Sessions | $3445.75 |
| Jul 3, 2016 | 30 Days Following the Submission of Evidence Supporting Pain, Suffering and Impairment.  - A settlement compromise amount of $11,000. | $11000.00 |
| June 13, 2016 | Offer of $665.05 | -$665.05 |
| Jul 3, 2016 | 18% interest on $13,780.70 from July 3, 2016 through May 2, 2017 (303 days) | $2059.18 |
| May 2, 2017 | Payment for 3 physical therapy sessions (reduced from paid amount on a rational that the fee charged was not reasonable for the Woodbridge Violation) | -$836.56 |
| May 3, 2017 | 18% Interest on $15,003.32 from May 3, 2017 to May 19, 2017 | $102.13 |
| May 19, 2017 | Per day interest after May 19, 2017 until Claim Satisfactorily Resolved | $6.38 |
| May 19, 2017 | Reasonable cost of necessary legal services | $5000.00 |
| | | $20,111.83 |

**Violation of Unfair Settlement Practices Statute**

24. Texas Insurance Code § 541.060(a) provides, in pertinent part, "[I]t is an unfair
method of competition or an unfair or deceptive act of practice in the business of

insurance to engage in the following unfair settlement practices with respect to a claim

by an insured or beneficiary:

(1) misrepresenting to a claimant a material fact or policy provision relating to coverage
at issue;

(2) failing to attempting good faith to effectuate a prompt, fair, and equitable settlement
of:

      (A) a claim with respect to which the insurer's liability has become reasonably
      clear.

(3) failing to promptly provide to a policyholder a reasonable explanation of the basis in
the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or
offer of a compromise settlement of claim;

(6) undertaking to enforce a full and final release of a claim from a policyholder when
only a partial payment has been made, unless the payment is a compromise settlement of
a doubtful or disputed claim;

(7) refusing to pay a claim without conducting a reasonable investigation with respect to
the claim;

25. Texas Insurance Code § 541.061 sets forth that. "[I]t is an unfair method of

competition or an unfair or deceptive act or practice in the business of insurance to

misrepresent an insurance policy by: (1) making an untrue statement of material fact;

or (4) making a material misstatement of law.

### Violation of Texas Department of Insurance Regulations

26. The Texas Department of Insurance codified regulations pertaining to the handling of

claims which further expand on the obligations set-forth in Texas Insurance Code §

541.060(a).  In addition to the requirements in the Texas Insurance Code, the

regulations also require an insurer to refrain from compelling policyholders to institute

suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suit brought by them. Tex. Admin. Code § 21.203(5).

### Violation of Texas Deceptive Trade Practices Act

27.Texas Business & Commerce Code § 17.50(a)(4) provides that a consumer may maintain an action where the use or employment by any person of an act or practice in violation of Chapter 541 of the Texas Insurance Code constitutes a producing cause of economic damages or damages for mental anguish. A consumer who prevails may obtain the following: (1) the amount of economic damages found by the trier of fact; (2) mental anguish damages if the trier of fact determines the conduct was done knowingly or intentionally; and (3) court costs and reasonable and necessary attorney's fees.

| | Damages Model for Violation of Prompt Payment Statue and Unfair Settlement Practices Statute Brought under the DTPA | |
|---|---|---|
| Jul 3, 2016 | 30 Days Following the Submission of Evidence Supporting Emergency Room bill, ER Physicians bill, PCP bill, 3 Therapy | $3445.75 |
| Jul 3, 2016 | 30 Days Following the Submission of Evidence Supporting Pain, Suffering and Impairment. - A settlement compromise amount of $11,000. | $11000.00 |
| June 13, 2016 | Offer of $665.05 | -$665.05 |
| Jul 3, 2016 | 18% interest on $13,780.70 from July 3, 2016 through May 2, 2017 (303 days) | $2059.18 |
| May 2, 2017 | Reduced payment for 3 physical therapy sessions | -$836.56 |
| May 3, 2017 | 18% Interest on $15,003.32 from May 3, 2017 to May 19, 2017 | $102.13 |
| May 19, 2017 | Per day interest after May 19, 2017 until Claim Satisfactorily Resolved | $6.38 |
| May 19, 2017 | Reasonable cost of necessary legal services | $5000.00 |
| May 19, 2017 | Mental Anguish damages for knowingly or intentionally violating the Unfair Settlement Practices Statute | $11000.00 |
| | | $31,111.83 |

**Breach of Insurance Agreement**

28.Mr. Conteh is a beneficiary of the insurance agreement issued to cover drivers of the

2007 Hyundai Elantra.

Personal Injury Protection

29.The insurance agreement providers that Geico will pay, in accordance with the Texas

Insurance Code, personal injury protection benefits to an insured who sustains bodily

injury. An "insured" means any person occupying the covered auto with the

policyholder's permission.  Mr. Conteh had Mr. Gabisi's permission.

30.Personal injury protection benefits are the following, in pertinent part: (1) payment for

all reasonable expenses incurred within 3 years from the date of the accident for

necessary medical, surgical, x-ray, ambulance, and hospital; and (2) Eighty percent of

an insured's loss of income from employment provided that, at the time of the

accident, the insured was an income producer and in an occupational status.  Payment

will be made within 30 days of receipt of satisfactory proof of claim.  The limit of the

benefits is $2500.00.

Uninsured Motorist Coverage

31.The insurance agreement provides that, Geico will pay compensatory damages which

an insured is legally entitled to recover from the owner or operator of an uninsured

motor vehicle because of bodily injury: (1) sustained by an insured; and (2) caused by

an accident. An "insured" means any person occupying the covered auto.  Mr. Conteh

had the policyholder's permission to operate the vehicle.

32. The insurance agreement obligates Geico to pay for Mr. Conteh's medical bills, lost

wages, pain, suffering, mental anguish and impairment.  To date, Geico has offered and

paid for only 3 physical therapy sessions at a reduced rate despite receiving nearly a

year earlier evidence of medical bills incurred from Memorial Hermann hospital, and a

primary care physician visit at Kaiser Permanente.   Further, Geico has completely

refused to pay any compensation for pain, suffering, mental anguish or impairment Mr.

Conteh suffered.  The offer and payment of $836.56 in light of the evidence sent to

Geico regarding Mr. Conteh's losses amounts to a breach of contract.  Mr. Conteh

hereby demands that Geico comply with the insurance agreement by paying fair

compensation for his damages otherwise he will have no choice but to file suit for

actual damages, inclusive of special damage for medical bills, pain, suffering, mental

anguish, and impairment, and seek the reasonable cost of the necessary legal services.

Tex. Civ. Prac. & Rem. Code § 38.001 (8).

### Breach of Implied Duty of Good Faith and Fair Dealing

33. Geico breach the implied duty of good faith and fair dealing.  Geico lacked a

reasonable basis to refuse paying benefits owed for medical bills, pain, suffering,

mental anguish, and impairment.  Geico breached the implied duty of goof faith and

fair dealing by demanding Mr. Conteh sign a release of his claim upon receipt of

payment of $665.05.  Geico breached its implied duty by stating that it would pay

$2500 in medical bills and liens and did not make this payment.  This breach of the

implied duty of good faith and fait dealing proximately caused damages to Mr. Conteh

for which he now sues.

### Exemplary Damages

34.Geico's handling of Mr. Conteh's claim evidences a specific intent by Geico to

substantially harm Mr. Conteh.  In addition, Geico committed fraud by making an

intentional misrepresentation of fact that it was obligated to pay liens and that Geico in

fact would pau liens in the amount of $2500.  Geico did not pay $2500 for liens

because no liens existed.  Further, Geico's acts and omissions when viewed objectively

from the standpoint of Geico at the time of its occurrence involved an extreme degree

of risk, considering the probability and magnitude of the potential harm to others and

of which Geico had actual, subjective awareness of the risk involved but nevertheless

proceeded with conscious indifference to the rights, safety or welfare of others.  The

malice, fraud and gross negligence committed by Geico is established with clear and

convincing evidence.

### Prayer

For these reasons, Plaintiff prays that the defendant be served with citation and

answer, and that Plaintiff recover the following from the defendant, not to exceed

$100,000.00:

1. Actual damages inclusive of special damages arising from bodily injuries sustained in the car crash of medical bills incurred and paid in the past, physical pain, physical suffering, mental anguish, impairment and lost wages incurred in the past;
2. Statutory damages under Texas Insurance Code § 542.060 and Texas Business & Commerce Code § 17.50, *et seq.*;
3. Reasonable cost of the necessary legal services pursuant to Texas Insurance Code § 542.060, Texas Business & Commerce Code § 17.50, *et seq.,* and Texas Civil Practice & Remedies Code 38.001(8);
4. Exemplary damages; and
5. Court costs.

Respectfully submitted
The Greenwood Prather Law Firm


By:   /s/ Kelly G. Prather
Kelly Greenwood Prather
TBA: 00796670
2009 North Durham Drive
Houston, Texas 77008
713-333-3200 telephone
713-621-1449 facsimile
kelly@HoustonInjuryLaw.com

ATTORNEY FOR PLAINTIFF

6/1/2017 2:15:30 PM
Chris Daniel - District Clerk Harris County
Envelope No. 17366160
By: Anna Evetts
Filed: 6/1/2017 2:15:30 PM

RECEIPT NUMBER _____

TRACKING NUMBER _____ 73376185 CIV

CAUSE NUMBER  201734090

PLAINTIFF: CONTEH, ABDUL
vs.
DEFENDANT: GEICO ADVANTAGE INSURANCE CO

In The 151st
Judicial District Court of
Harris County, Texas

**CITATION CORPORATE**

THE STATE OF TEXAS
County of Harris

TO: GEICO ADVANTAGE INSURANCE CO (FOREIGN CORPORATION) BY SERVING ITS
ATTORNEY AND AGENT FOR SERVICE DAN BEACOM
2280 NORTH GREENVILLE AVENUE  RICHARDSON TX 75082

Attached is a copy of  PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on the ___22nd___ day of ___May___ ___, 20___17___, in the
above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED; you may employ an attorney. If you or your attorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
This Citation was issued under my hand and seal of said Court, at Houston, Texas, this ___23rd___ day of
___May___ , 20 __17__.

Issued at request of:
PRATHER, KELLY GREENWOOD
2009 N. DURHAM DR.
HOUSTON, TX 77008
TEL: (713) 333-3200
Bar Number: 796670

**CHRIS DANIEL, District Clerk**
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O.Box 4651, Houston, Texas 77210
Generated by: ADESIYAN, JELILAT  RQ6//10688630

---

**OFFICER/AUTHORIZED PERSON RETURN**

I received this citation on the _____ day of _____, 20_____, at _____ o'clock ____.M., endorsed
the date of delivery thereon, and executed it at _____
                                                              (STREET ADDRESS)                                    (CITY)
in _____ County, Texas on the _____ day of _____, 20_____ at _____ o'clock ____.M.,
by delivering to _____ by delivering to its
                          (THE DEFENDANT CORPORATION NAMED IN CITATION)
_____ in person, whose name is _____
(REGISTERED AGENT, PRESIDENT, or VICE-PRESIDENT)
a true copy of this citation, with a copy of the _____ Petition attached,
                                                              (DESCRIPTION OF PETITION, E.G., PLAINTIFF'S ORIGINAL)
and with accompanying copies of _____
                                              (ADDITIONAL DOCUMENTS, IF ANY, DELIVERED WITH THE PETITION)
I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20____.

FEE: $ _____

By: _____
                    (SIGNATURE OF OFFICER)

Printed Name: _____

Affiant Other Than Officer              As Deputy for: _____
                                                              (PRINTED NAME & TITLE OF SHERIFF OR CONSTABLE)

On this day, _____, known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20_____.

_____
Notary Public

N.INT.CITC.P                                    *73376185*

CAUSE NO. 2017-34090

| | | |
|---|---|---|
| ABDUL CONTEH | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| VS. | § | |
| | § | HARRIS COUNTY, TEXAS |
| GEICO ADVANTAGE INSURANCE CO | § | |
| Defendant. | § | 151ST JUDICIAL DISTRICT |

## AFFIDAVIT OF SERVICE

On this day personally appeared MITCHELL DRAEGER who, being by me duly sworn, deposed and said:

"The following came to hand on May 26, 2017, __10:45__ __A__ .m,

CITATION CORPORATE, PLAINTIFF'S ORIGINAL PETITION,

and was executed at 2280 NORTH GREENVILLE AVENUE, RICHARDSON, TX 75082 within the county of DALLAS at __2:55__ o'clock __P__ .M. on __5-30__ , 2017, by delivering a true copy to the within named

GEICO ADVANTAGE INSURANCE CO BY DELIVERING TO

__Dessirree Siedloczek , Authorized Person__

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

MITCHELL DRAEGER - SCH# __7995__ Expires: __12-31-2019__

BEFORE ME, a Notary Public, on this day personally appeared MITCHELL DRAEGER, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON __5-31__ , 2017.

Kathy Draeger
MY COMMISSION EXPIRES
03-20-2018
NOTARY ID: 12975568-3

Notary Public, State of Texas

6/23/2017 11:33 AM
Chris Daniel - District Clerk Harris County
Envelope No. 17804504
By: Jacob Blessing
Filed: 6/23/2017 11:33 AM

## CAUSE NO. 2017-34090

| | | |
|---|---|---|
| **ABDUL CONTEH** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **V.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **GEICO ADVANTAGE** | § | |
| **INSURANCE CO.** | § | **151ST JUDICIAL DISTRICT** |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **GEICO ADVANTAGE INSURANCE COMPANY,** (hereinafter referred to as "GEICO"), Defendant in the above-entitled and numbered cause, and files this its Original Answer to Plaintiff's Original Petition and all subsequent supplemental and/or amended petitions filed against it and would respectfully show the Court and Jury as follows:

### I.

Pursuant to the provisions of Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every, all and singular, the allegations contained in the Plaintiff's Original Petition, and demands strict proof thereof.

### II.

Defendant would show that Plaintiff has failed to fulfill the conditions precedent for bringing an uninsured motorist claim against Defendant. Specifically, Plaintiff has failed to establish that he is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by him, caused by an accident.

### III.

Pleading further, Defendant would show that it is entitled to all credits and offsets allowed under the policy against any damages awarded by the jury. Such credits and

offsets include, but are **not limited to**, all Personal Injury Protection (PIP) payments previously made by GEICO to Plaintiff.

**IV.**

Defendant would show that Plaintiff's "extra-contractual" allegations are premature and without merit since no breach of the contract has occurred.

**V.**

Defendant asserts that Plaintiff is not entitled to attorney fees in this case as there has not yet been a showing of liability or damages entitling Plaintiff to recovery of uninsured motorist benefits.

**VI.**

Defendant asserts that Plaintiff is not entitled to pre-judgment interest or any other damages beyond the policy limits of uninsured motorist coverage under the subject insurance contract.

**VII.**

Plaintiff's right to recover medical expenses is limited by the provision of Tex. Civ. Prac. & Rem. Code 41.0105.  Plaintiff is only entitled to recover the amount paid or incurred by or on behalf of the Plaintiff.

**VIII.**

Defendant reserves the right to amend this Original Answer pursuant to the said Rules of Civil Procedure.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that Defendant be released and discharged of the charges filed against it, that Plaintiff takes nothing by reason of this suit, and for such other and further relief to which Defendant may be justly

entitled and for which Defendant will forever pray.

Respectfully submitted,

**GERMER PLLC**

By:_____

**BARBARA L. HACHENBURG**
State Bar No. 08667070
America Tower
2929 Allen Parkway, Suite 2900
Houston, TX 77019
(713) 650-1313 Telephone
(713) 739-7420 Facsimile
bhachenburg@germer.com

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure, on this 23rd day of June, 2017.

_____

**BARBARA L. HACHENBURG**

6/23/2017 11:33 AM
Chris Daniel - District Clerk Harris County
Envelope No. 17804504
By: Jacob Blessing
Filed: 6/23/2017 11:33 AM

## CAUSE NO. 2017-34090

| | | |
|---|---|---|
| **ABDUL CONTEH** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **V.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **GEICO ADVANTAGE** | § | |
| **INSURANCE CO.** | § | **151ST JUDICIAL DISTRICT** |

## <u>DEMAND FOR JURY TRIAL</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **GEICO ADVANTAGE INSURANCE COMPANY**, Defendant herein and demands a trial by jury.  The requisite jury fee is being tendered with the filing of this demand.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the Court grant a trial by jury.

Respectfully submitted,

**GERMER PLLC**

By:_____

**BARBARA L. HACHENBURG**
State Bar No. 08667070
America Tower
2929 Allen Parkway, Suite 2900
Houston, TX 77019
(713) 650-1313 Telephone
(713) 739-7420 Facsimile
bhachenburg@germer.com

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure, on this 23rd day of June, 2017.

**BARBARA L. HACHENBURG**

**Harris County Docket Sheet**

# 2017-34090

**COURT:** 151st
**FILED DATE:** 5/22/2017
**CASE TYPE:** Insurance



### CONTEH, ABDUL
Attorney: PRATHER, KELLY GREENWOOD

### vs.

### GEICO ADVANTAGE INSURANCE CO
Attorney: HACHENBURG, BARBARA L.

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |